IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANKIE CANTER, | ) | |
| Plaintiff, | ) ) | |
| | ) | CV 05-184-MO |
| v. | ) ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | OPINION AND ORDER |
| Defendant. | ) ) | |

RORY LINERUD
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 SW Third Avenue, Ste 600
Portland Oregon 97204

1 - OPINION AND ORDER

VIKASH CHHAGAN
Office of the General Counsel
LEISA A. WOLF
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Ste 2900 M/S 901
Seattle Washington 98104

    Attorneys for Defendant

MOSMAN, District Judge:

## INTRODUCTION

Plaintiff Fankie Canter brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision is affirmed and the case dismissed.

## BACKGROUND

Ms. Canter was born on March 26, 1964. She attended school through the 10th grade and worked as a cashier, rental property manager and retail worker. She last worked in September 2003 as a part-time retail worker at WalMart, where she had been working about 15 hours a week. Ms. Canter alleges that she became unable to work full-time in April 2002.

Ms. Canter alleges disability beginning April 15, 2002, due to endometriosis and "tailbone pain, back pain, leg pain, abdominal cramping causing severe pain" while sitting, walking, standing or riding in a car. Tr. 79.[1] While working at WalMart, Ms. Canter's symptoms caused poor attendance.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C § 423(d)(1)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Ms. Canter challenges the fifth step of the ALJ's decision.

For the purposes of step five, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545; Social Security Ruling (SSR) 96-8p.

At step five, the ALJ must determine whether the claimant retains the RFC to perform any work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ's FINDINGS

The ALJ found that Ms. Canter's ability to work is limited by a history of endometriosis/fibrosis and back pain. He assessed Ms. Canter's RFC as follows:

> The claimant retains the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally with a sit/stand option or the ability to change positions a few minutes every hour. She can occasionally climb, stoop, crouch and crawl; needs to avoid hazards; and is limited to simple 1, 2, 3 step work and interaction with public due to pain.

Tr. 19.

The ALJ elicited testimony from an impartial vocational expert (VE) with a hypothetical question based on the foregoing RFC assessment and vocational factors reflecting Ms. Canter's age, education and work experience. The VE testified that there were jobs existing in significant numbers in the economy that such an individual could perform, including work as a small products assembler and inspector/hand packager. The ALJ concluded that Ms. Canter failed to establish that she was disabled within the meaning of the Social Security Act.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence and resolving ambiguities. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001). If

the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson*, 359 F.3d at 1193. The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISCUSSION

Ms. Canter challenges the ALJ's evaluation of the evidence and his conclusion that she retains the RFC to perform work activities. She contends the ALJ failed to accurately assess her RFC because he improperly rejected the opinion of her treating physician and misinterpreted an MRI study of her spine.

Ms. Canter contends the ALJ relied on testimony from the VE which erroneously described the requirements of work as a small products assembler and inspector/hand packager.

She also alleges that the ALJ failed to develop the record fully and fairly.

### I. Treating Physician

Monique Mokonchu, M.D., a gynecology specialist, began treating Ms. Canter in February 2002 for endometriosis complicated by chronic pelvic pain. In May 2002, Ms. Canter underwent a diagnostic laparoscopy, which indicated uterine fibroids and confirmed the diagnosis of endometriosis. Dr. Mokonchu treated Ms. Canter with Lupron hormone therapy, which improved her pain for several months. Unfortunately, the pain returned and she required narcotic medication to control it. In April 2003, Dr. Mokonchu opined that a hysterectomy would relieve Ms. Canter of the pain associated with her condition and enable her to return to work. Tr. 217.

In April 2004, Ms. Canter underwent a total abdominal hysterectomy and bilateral salpingo-oophorectomy to relieve her chronic pelvic pain. On June 3, 2004, Dr. Mokonchu wrote a letter which included the following:

> Ms. Frankie Canter has been under my ongoing care for chronic pelvic pain due to endometriosis and uterine fibroids since February, 2002. On April 14, 2004 Mrs. Canter underwent a hysterectomy to try and alleviate her pain. At this time she is still experiencing lower back pain and is unable to return to work as a result of the pain. I have ordered further investigational studies to determine the cause of the continued pain.

Tr. 251.

Ms. Canter asserts that this letter is equivalent to a disability opinion and contends that the ALJ erroneously rejected the opinion.

If a treating physician's opinion is not contradicted by another physician, then the ALJ may reject it only for clear and convincing reasons. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). The ALJ can reject the treating physician's opinion in favor of the conflicting opinion of another treating or examining physician, if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Id*. at 957 quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ found Dr. Mokonchu's letter inconsistent with her own earlier statements. Tr. 20. In June 2002, Dr. Mokonchu opined that Ms. Canter could perform light duties in her work at WalMart. Tr. 235. In April 2003, before Ms. Canter's hysterectomy, Dr. Mokonchu opined that the surgery would relieve Ms. Canter of the pain associated with endometriosis and uterine fibroids and enable her to return to work. Tr. 217. After the surgery, Dr. Mokonchu was unable to explain Ms. Canter's continued pain without further investigational studies.

The ALJ noted that the investigational studies Dr. Mokonchu mentioned did not result in any evidence of an underlying cause for Ms. Canter's ongoing pain. Tr. 20. These included an MRI study of the lumbar spine, which showed narrowing of the L2-3 disc space but no compression fractures or evidence of acute bony injury. The MRI report stated:

> There is no evidence of disc herniation at any level. No spinal canal stenosis is seen. There is no significant evidence of foraminal narrowing on either side at any level.

Tr. 267.

Ms. Canter asserts that the ALJ improperly characterized this MRI result as "essentially unremarkable." Tr. 19. The MRI study was consistent with an earlier MRI study which revealed only mild degenerative changes. Tr. 182. No medical source suggested that these mild degenerative changes could reasonably be expected to result in significant functional limitations, much less the disabling back pain Ms. Carter claimed and Dr. Mokonchu mentioned in her letter. Under these circumstances, the ALJ's characterization of the MRI study was not erroneous.

The ALJ also found Dr. Mokonchu's letter contradicted by the findings of the agency reviewing physician, Martin Lahr, M.D. Dr. Lahr opined that Ms. Canter was limited by chronic pain in the pelvis and low back but remained capable of light work. Tr. 163-70. Ms. Canter objects that this opinion came before her hysterectomy. The ALJ could reasonably conclude, based on Dr. Mokonchu's statements and the record as a whole, that Ms. Canter's hysterectomy would not have worsened her condition. On the contrary, every reliable indication in the record suggests that the surgery would reasonably be expected to improve her symptoms and enhance her ability to work.

The ALJ discredited Ms. Canter's subjective complaints and Ms. Canter does not challenge that determination. The ALJ declined to give controlling weight to Dr. Mokonchu's opinion that

Ms. Canter is unable to return to work, relying in part on his credibility determination. Tr. 20. An ALJ can properly reject a physician's disability opinion that is premised on the claimant's own subjective complaint of disabling pain which the ALJ has already properly discounted. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

In summary, the ALJ's decision included legally sufficient reasons for rejecting Dr. Mokonchu's disability opinion and his findings are supported by substantial evidence in the record as a whole.

## II. Vocational Evidence

Ms. Canter contends the ALJ relied on erroneous testimony from the VE which contradicts information in the Department of Labor publication *Dictionary of Occupational Titles* (DOT).

At step five, the Commissioner must show that the claimant can perform work which exists in the national economy. *Andrews v. Shalala*, 53 F.3d at 1043. The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all the limitations of the claimant. *Id.; Osenbrock v. Apfel,* 240 F.3d 1157, 1163-65 (9th Cir. 2001).

If testimony provided by a VE is inconsistent with information in the DOT, the ALJ must resolve the conflict before relying on the testimony to find that a claimant is not disabled. SSR 00-4p. An ALJ may rely on expert testimony which contradicts the DOT, if the record contains persuasive evidence to support the deviation. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

The ALJ asked the VE to assume a hypothetical person who "would need to avoid hazards." Tr. 297. The VE testified that such a hypothetical person could perform work as a small products assembler.

Ms. Canter contends the VE's testimony is inconsistent with the DOT description of work as a small products assembler, which includes the functions of fastening parts together by hand or by using hand tools or portable power tools and loading and unloading machines that perform fastening, force fitting or light metal-cutting operations on an assembly line. DOT 706.684-022.

This court finds no clear inconsistency. Power tools and assembly line machinery are not inherently hazardous. The ALJ could reasonably believe that the VE's testimony and the DOT description were consistent. Furthermore, Ms. Canter had the opportunity to ask the VE what hazards this work might include and to apprise the ALJ that she believed the VE's testimony deviated from the DOT. Because Ms. Canter failed to identify any perceived shortcoming in the VE's testimony and any conflict was not readily apparent, the ALJ was entitled to rely on the VE's testimony. *See Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002).

The ALJ asked the VE to assume a hypothetical worker "capable of simple one, two and three-step work because of the distractions of pain." Tr. 297. Ms. Canter contends the VE's testimony that such a person could perform work as an inspector/hand packager is inconsistent with the DOT information for that occupation. The DOT indicates that the worker must perform two essential tasks: visually examine molded plastic bottles for defects and pack the non-defective products into cartons. DOT 559.687-074.

Ms. Canter breaks these essential tasks into component steps, such as inspecting the bottle, inspecting the bottle top, inspecting for scratches, inspecting for discoloration, inspecting for flash, inspecting for equal neck lengths, discarding defective products, packing into cartons and placing cartons in storage areas. Although this is an accurate description of the work, the argument is not persuasive because the work can also reasonably be described as simple three-step work.

9 - OPINION AND ORDER

The DOT description of the inspector/hand packager occupation includes a specific vocational preparation time consistent with unskilled work. Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job or in a short period of time. 20 C.F.R. § 404.1568(a). This is reasonably consistent with the simple three-step work suggested in the ALJ's hypothetical question.

The court finds no apparent inconsistency between the VE's testimony and the information in the DOT. As noted previously, Ms. Canter could have asked the VE to describe the number of steps involved in this work or informed the ALJ that she believed the VE's testimony conflicted with information in the DOT. She did not identify any deviation from the DOT. Any conflict that exists is not so readily apparent that SSR 00-4p required the ALJ to resolve the conflict before relying on the VE's testimony. *Donahue v. Barnhart*, 279 F.3d at 446-47.

The VE's testimony was reasonable and persuasive and supported by the record. It was not clearly inconsistent with the information in the DOT. Accordingly, the ALJ was entitled to rely on the VE's testimony to reach the conclusion that Ms. Canter's limitations would not preclude work as a small products assembler or inspector/hand packager. *Johnson v. Shalala*, 60 F.3d at 1435.

### III. Development of the Record

Ms. Canter contends the ALJ failed to develop the record because he did not obtain further evidence of her low back impairment. An ALJ's duty to develop the record further is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d at 1150.

Ms. Canter has not identified ambiguous evidence and the ALJ did not find the record inadequate to allow for proper evaluation of the evidence. Accordingly, the ALJ had no duty to develop the record more fully.

## **CONCLUSION**

Based on the foregoing, the ALJ's decision that Ms. Canter does not suffer from a disability and is not entitled disability insurance benefits under Title II of the Social Security Act is based on correct legal standards and supported by substantial evidence. The Commissioner's final decision is AFFIRMED and the case is DISMISSED.

DATED this 27th day of February, 2006.

/s/ Michael W Mosman
Michael W. Mosman
United States District Judge